# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ROBERT G. MODRALL,

     Plaintiff,

     v.

BOB CORKER, BILL KILLIAN, et al.,

     Defendant.

CIVIL ACTION FILE NO.

1:15-CV-3132-TWT

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

The Report and Recommendation of the undersigned United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 14-01 (N.D. Ga. Aug. 15, 2014), has been filed. The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

AO 72A
(Rev.8/8
2)

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **FOURTEEN (14) DAYS** of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to interests-of-justice plain error review.  11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 15th day of September, 2015.

**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

2

AO 72A
(Rev.8/8
2)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT G. MODRALL,

     Plaintiff,

v.

BOB CORKER, BILL KILLIAN, et al.,

     Defendants.

CIVIL ACTION FILE

NUMBER 1:15-CV-3132-TWT

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Robert G. Modrall, proceeding <u>pro se</u>, seeks leave to file a writ of mandamus without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a).  (Doc. 1).  Modrall's affidavit of indigency indicates that he is unable to pay the filing fee or incur the costs of these proceedings.  Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied and Modrall's application to proceed <u>in forma pauperis</u> is **GRANTED**.  However, as discussed below, the undersigned **RECOMMENDS** that Modrall's action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Because Modrall is proceeding without paying filing fees, the Court shall consider the frivolity of his Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Section

1915(e)(2)(B) provides that a federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. Thus, to survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Pursuant to 28 U.S.C. § 1361, federal courts have jurisdiction over mandamus actions seeking "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). Thus, a writ of mandamus is only appropriate if the petitioner demonstrates that: (1) he has a clear right to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. Id. at 1258. The petitioner seeking the writ carries the burden of showing his right to the issuance of the writ is "clear and indisputable." Carpenter v. Mohawk Industries, Inc., 541 F.3d 1048, 1055 (11th Cir. 2008) (internal citations and quotations omitted).

2

Here, Modrall seeks a "Writ of Mandamus on the Regional DEA HQ in Atlanta, GA in order to provide the necessary facts of the matter to the presiding Judge's of the Court of Appeals for the Federal Circuit." (Doc. 1-1 at 1). Modrall notes that he has "received recusals" from judges in the Eastern District of Tennessee and has cases pending before the Court of Appeals of the Federal Circuit and Sixth Circuit Court of Appeals. (Id.). Even after construing Modrall's petition liberally in light of his pro se status, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the undersigned recommends dismissal of the under 28 U.S.C. 1915(e)(2)(B)(ii). Modrall fails to state a plausible claim for mandamus relief given that he fails to identify a right to any relief, clearly identify the relief sought or the basis for any duty to act, or allege that no other adequate remedy is available to him. Indeed, the petition, which is styled as a letter to the Court, contains very little information and fails to specify what relief Modrall seeks, the basis for such relief, and exactly who he seeks to compel to act. Thus, the undersigned **RECOMMENDS** that this action should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The adoption of this Final Report and Recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the

3

Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

SO **ORDERED, REPORTED AND RECOMMENDED**, this 14th day of September, 2015.

Catherine M. Salinas
United States Magistrate Judge

4